to which the chemist testified. From the record presented, the court was of the opinion that the plaintiff made out a *prima facie* case, overcoming the presumption of correctness attaching to the collector's classification. Although there is not a chemist's analysis in the record of each of the items in question, the court was satisfied that all of the merchandise is in all material respects the same as the items on which an analysis had been made. Following Abstract 49907, the claim of the plaintiffs was sustained.

**No. 51434.**—Protests 41534–K, etc., of Products from Sweden, Inc., et al. (New York).

Opinion by Oliver, P. J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

Before the Second Division, November 27, 1946

**No. 51435.**—Protests 466285–G, etc., of Julius Kayser & Co. (New York).

Opinion by Kincheloe, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). In accordance therewith the claim at 50 percent ad valorem under paragraph 915, plus any additional duty applicable under paragraph 924, was sustained.

**No. 51436.**—Protests 522425–G, etc., of Julius Kayser & Co. (New York).

Opinion by Kincheloe, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). In accordance therewith the claim at 50 percent ad valorem under paragraph 915, plus any additional duty applicable under paragraph 924, was sustained.

**No. 51437.**—Protests 543815–G, etc., of Julius Kayser & Co. (New York).